## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Cassandra Gamble, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br><br><br><br>                 -v.-<br>EOS CCA,<br>U.S. Asset Management, Inc.,<br><br>                                        Defendant(s). | Civil Action No: 2:21-cv-15972<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cassandra Gamble (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants EOS CCA and U.S. Asset Management, Inc. (hereinafter referred to as "Defendant EOS" and "Defendant U.S. Asset Management" respectively or "Defendants" together), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7.      Plaintiff is a resident of the State of New Jersey, County of Passaic.

8.      Defendant EOS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), located at 700 Longwater Dr, Norwell, MA 02061.

9.      Defendant EOS uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant U.S. Asset Management is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service of process at Corporation Service Company, 100 Charles Ewing Blvd, Trenton, NJ 08628.

11.     Defendant U.S. Asset Management uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

**CLASS ALLEGATIONS**

12.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

   a.  all individuals with addresses in the State of New Jersey;

   b.  to whom Defendant EOS sent a letter attempting to collect a consumer debt;

   c.  on behalf of Defendant U.S. Asset Management;

   d.  in which Defendant EOS lists Interest as $0.00 and Fees as $0.00;

   e.  when in fact there was interest and/or fees;

   f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

3

14.     A sub-class consists of:

    a.   all individual consumers in the State of New Jersey;

    b.   to whom Defendant EOS sent a letter attempting to collect a consumer debt;

    c.   on behalf of Defendant U.S. Asset Management;

    d.   in which Defendant EOS mischaracterizes the total amount due as principal, while interest and fees are both listed as $0.00;

    e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15.     The identities of all class members and sub-class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.     Excluded from the Plaintiff Class and sub-class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.     There are questions of law and fact common to the Plaintiff Class and sub-class, which common issues predominate over any issues involving only individual class and sub-class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § l692g et seq.

18.     The Plaintiff's claims are typical of the class and sub-class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class and sub-class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions,

4

and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class and sub-class defined above are so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and sub-class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § l692g et seq.

c.    **Typicality:** The Plaintiff's claims are typical of the claims of the class and sub-class members. The Plaintiff and all members of the Plaintiff Class and sub-class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class and sub-class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his

counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.     Some time prior to May 5, 2021, an obligation was incurred by Plaintiff to the original creditor, Verizon. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes.

24.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Upon information and belief, Verizon sold the defaulted debt to Defendant U.S. Asset Management, Inc., the current creditor, for the purpose of debt collection. Therefore, Defendant U.S. Asset Management, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

27. Upon information and belief, Defendant U.S. Asset Management contracted with Defendant EOS to collect the defaulted debt from the Plaintiff. Therefore, Defendant EOS is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. Defendant U.S. Asset Management has policies and procedures in place that govern Defendant EOS' debt collection practices, specifically with regard to collecting the subject debt, and generally with regard to collecting similarly situated debts, thereby evidencing Defendant U.S. Asset Management's control over Defendant EOS' collection practices.

30. By virtue of the relationship between the two Defendants, Defendant U.S. Asset Management exercised control over Defendant EOS while the latter was engaged in collecting debts on behalf of the former.

31. Therefore, Defendant U.S. Asset Management should be held vicariously liable for any and all violations committed by Defendant EOS.

*Violation – May 12, 2021 Collection Letter*

32.     On or about May 12, 2021, the Defendant sent the Plaintiff a collection letter ("Letter") regarding the subject debt. (See Letter at Exhibit A.)

33.     On the second page, the Letter lists several line items, including in relevant part:

    Principal: $1,082.30

    Interest: $0.00

    Fees: $0.00

    Balance: $1,082.30

34.     The Letter categorizes the entirety of the balance as principal, when in fact, the total balance includes principal as well as interest and fees.

35.     Therefore, the principal amount listed in the Letter is incorrect, confusing, misleading and deceptive.

36.     Additionally, the zero-value totals included in the Letter for interest and fees are incorrect, confusing, misleading and deceptive.

37.     These violations by Defendants were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

38.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

39.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

40.     Now, consumers have a right to receive proper notice of the amount of debt due and the nature of their debts. When a debt collector misrepresents the breakdown of a consumer's

debt into principal, interest and fees, in violation of statutory law, the debt collector has harmed the consumer.

41.     Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

42.     Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

43.     Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

44.     Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to her detriment.

45.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

46.     As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

47.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50.     Defendants violated §1692e:

a.   As the letter falsely represents the character, amount and/or legal status of the debt in violation of §1692e(2)(A); and

b.   As the letter makes a false and misleading representation in violation of §1692e(10).

51.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

52.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54.     Pursuant to 15 U.S.C. §1692g:

(a)     Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)     <u>the amount of the debt;</u>

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

55.     Defendants violated §1692g:

a.   As Defendants did not state the correct amount of the debt, in violation of § 1692g(a)(1);

56.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## <u>DEMAND FOR TRIAL BY JURY</u>

57.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cassandra Gamble, individually and on behalf of all others similarly situated, demands judgment from Defendants EOS CCA and U.S. Asset Management, Inc. as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 24, 2021                                  Respectfully Submitted,

                                                                     **STEIN SAKS, PLLC**

                                                                      **/s/ Yaakov Saks**
                                                                     Yaakov Saks, Esq.
                                                                     One University Plaza, Ste. 620
                                                                     Hackensack, NJ 07601
                                                                     Ph:  201-282-6500 ext. 101
                                                                     Fax: 201-282-6501
                                                                     ysaks@steinsakslegal.com
                                                                     *Counsel for Plaintiff*